IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GENE ALVIN AUXTER,
    Petitioner,

vs.                                                      Case No.: 5:16cv205/WTH/EMT

FLORIDA DEP'T OF CORR. SEC'Y,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (ECF No. 1). Respondent filed a motion to dismiss the petition as untimely (ECF No. 29). The court directed Petitioner to file a response to the motion (*see* ECF No. 30), but he has not done so.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of the record, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the opinion of the undersigned that the record before the court shows that the petition is subject to dismissal for lack of

jurisdiction, because it is an unauthorized "second or successive" habeas corpus application.

I.  BACKGROUND AND PROCEDURAL HISTORY

Following a jury trial, Petitioner was convicted in the Circuit Court in and for Bay County, Florida, Case Nos. 1997-CF-1505 and 1997-CF-1506, of two counts of aggravated battery (ECF No. 1 at 1; *see also* ECF No. 29, Ex. A at 38, Ex. D). The trial court sentenced Petitioner as a habitual felony offender to concurrent terms of thirty (30) years in prison, with jail credit of 234 days (ECF No. 29, Ex. A at 52–58, 66–67, Ex. C). Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA), Case No. 98-822 (*id.*, Ex. G). The First DCA affirmed the judgment on March 25, 1999 (*id.*, Ex. I). See Auxter v. State, 732 So. 2d 1071 (Fla. 1st DCA 1999) (Table). The mandate issued April 12, 1999 (*id.*).

In 2001, Petitioner sought federal habeas corpus relief under 28 U.S.C. § 2254 in this district court (*see* ECF No. 29 at 3–4, Ex. DD). See Auxter v. Crews, Case No. 5:01cv35/RH/MD, Petition (N.D. Fla. Feb. 23, 2001). The district court, adopting the report and recommendation of the magistrate judge, dismissed the petition as untimely (*see id.*). *See id.*, Report and Recommendation (N.D. Fla. Sept. 21, 2001), Order (N.D. Fla. Jan. 16, 2002).

Petitioner filed the instant federal habeas action on June 29, 2016, challenging the judgment in Bay County Circuit Court Case Nos. 1997-CF-1505 and 1997-CF-1506, on grounds of improper calculation of his sentencing scoresheet and improper designation as a habitual felony offender (ECF No. 1). In the motion to dismiss, Respondent asserts an affirmative defense of statute of limitations (*see* ECF No. 29). Respondent's motion also sets forth facts which present an issue as to whether Petitioner's § 2254 petition qualifies as an unauthorized second or successive habeas petition, pursuant to 28 U.S.C. § 2244(b)(3). Since the successiveness issue is both jurisdictional and dispositive of this case, the court will address only that issue.[1]

II.   ANALYSIS

Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution and by statute. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Section 2244 provides, in relevant part:

> **(a)** No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears

---

[1] Petitioner originally filed the instant § 2254 petition in the federal district court for the Middle District of Florida, and that court transferred the petition to the Northern District of Florida (*see* ECF Nos. 1, 4, 6). In Petitioner's § 2254 petition, he falsely stated that he had not previously filed any type of petition, application, or motion in a federal court regarding the conviction he is challenging (*see* ECF No. 1, Question No. 14). Had Petitioner disclosed his previous § 2254 petition, the 17-month delay in reaching a disposition in this case would likely have been avoided.

Case No.: 5:16cv205/WTH/EMT

that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.

28 U.S.C. § 2244 (emphasis added); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2015) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C.

§ 2244(b)(3) and (4)."). A district court lacks jurisdiction to hear a second or successive § 2254 petition absent authorization from a Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152, 157, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition because prisoner failed to obtain order from court of appeals authorizing him to file it); Fugate v. Dep't of Corr., 301 F.3d 1287, 1288 (11th Cir. 2002) (same). Federal courts are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, review of the magistrate judge's report and recommendation in Petitioner's first habeas action, which the district judge adopted, demonstrates that Petitioner's 2001 petition qualified as a first petition for the purpose of determining successor status (*see* ECF No. 29, Ex. DD).[2] *See* McNabb v. Yates, 576 F.3d 1028,

---

[2] Some types of collateral challenges do not render subsequent habeas petitions "second or successive." *See* Panetti v. Quarterman, 551 U.S. 930, 945,127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007) (a claim of incompetency under Ford v. Wainwright, 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986) was not successive, because the claim was not ripe until the petitioner's execution

1029–30 (9th Cir. 2009) (holding that dismissal of first § 2254 petition as untimely constitutes merits disposition and renders later petition second or successive); Villanueva v. United States, 346 F.3d 55, 59–61 (2d Cir. 2003) (habeas petition or § 2255 motion that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (a prior untimely petition counts as a first petition because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims). *Cf.* Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir. 2007) (not discussing the issue but noting that petitioner's first § 2254 petition was

---

was scheduled); Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011) ("Because the basis for his Johnson [v. United States, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005)] claim did not exist before his proceedings on his initial § 2255 motion concluded, Stewart's numerically second motion is not "second or successive," and § 2255(h)'s gatekeeping provision does not apply. . . . Stewart's situation falls within what the Fifth Circuit recognized is a small subset of unavailable claims that must not be categorized as successive."); McGiver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

Case No.: 5:16cv205/WTH/EMT

dismissed with prejudice as untimely, and that court of appeals had authorized petitioner to file a second or successive § 2254 petition). Therefore, the instant petition qualifies as "second or successive" for purposes of § 2244(b)(3). Petitioner has not shown that he obtained permission from the Eleventh Circuit to file a second or successive petition. His failure to do so operates as a jurisdictional bar that precludes this district court's consideration of the merits of the petition. *See* 28 U.S.C. § 2244(b)(3)(A); Burton, 549 U.S. at 152, 157; Fugate, 310 F.3d at 1288.

## III.  CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has

shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 580 U.S.—, — S. Ct. —, No. 15-8049, 2017 WL 685534, at *11 (Feb. 22, 2017) (quoting Miller-El, 537 U.S. at 327).  Here, Petitioner cannot make that showing.  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Petitioner's habeas petition (ECF No. 1) be **DISMISSED for lack of jurisdiction**, pursuant to 28 U.S.C. § 2244(b).

2. That a certificate of appealability be **DENIED**.

3. That the clerk of court enter judgment accordingly and close the file.

At Pensacola, Florida, this 3rd day of January 2018.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**